Rafey Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

(with other counsel list on Complaint)

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID MELVIN and J.L.**, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>**23ANDME, INC.**, a Delaware corporation,<br><br>*Defendant.* | Case No. 24-cv-00487-SK<br><br>**DECLARATION OF J. ELI WADE-SCOTT IN SUPPORT OF MOTION TO APPOINT INTERIM LEADERSHIP OF CLASS ACTION** |

Pursuant to 18 U.S.C. § 1746, I, J. Eli Wade-Scott, declare as follows:

1. I am a partner at Edelson PC and I represent Plaintiffs David Melvin and J.L. in the above-captioned action. I am over the age of eighteen and am fully competent to make this Declaration. This Declaration is based upon my personal knowledge.

2. Plaintiffs' counsel at Edelson PC were invited by 23andMe's counsel to attend a planned mediation scheduled for January 31, 2024. We received that invitation on January 14.

3. The mediation is set with Randall Wulff, and will be held at the Westin Napa Valley. 23andMe has represented that every firm with a case on file is invited to the mediation. *Santana v. 23andMe, Inc.*, No. 23-cv-05147-EMC, dkt. 58 at 9 (N.D. Cal. Jan. 19, 2024). We were informed that the mediation itself is limited to twenty lawyers in person due to the physical capacity of the conference room that has been rented, and that one lawyer from each firm is permitted.

4. A number of firms (at least three, and perhaps more) have issued informal discovery requests to 23andMe prior to the mediation.

5. 23andMe agreed to provide some responsive information on January 23 subject to a confidentiality agreement. The information that has been provided so far, from our understanding, has been incredibly limited in scope and sidesteps the merits issues in the case.

6. We were informed that the mediator has asked the sides to limit the mediation statements to eight pages, and that there is no current expectation that the mediation statements will be shared with the other side.

7. Based on our many conversations with counsel on the cases, there has been no self-ordering among counsel and no consensus on what a proper approach would be. This ranges from smaller issues, like how to frame the mediation statement, to larger ones—like how to value the cases, what the negotiation strategy should be, what information we should be requiring from 23andMe, and any sort of fulsome discussion about what information is required to assess the case and proceed to mediation, and what the broader litigation strategy would be in

1  the event the case does not settle. (There is no way to consider resolution of a case without fully
2  understanding the litigation strategy if the case doesn't settle.)
3        8.     Although we expect that most firms will end up attending the mediation, our
4  understanding is that—especially amongst the firms that have at least some privacy experience—
5  they do not think this is the proper way to proceed.[1]
6        I declare under penalty of perjury under the laws of the United States of America that the
7  foregoing is true and correct.
8        Executed on this 26th day of January, 2024, in Chicago, Illinois.

10                                           By: /s/ J. Eli Wade-Scott

---

[1] We don't intend to speak for any particular firm; we expect, instead, that they will present their own views in response to this Motion, and we defer to how each firm ultimately characterizes its own views of the mediation, the litigation, or any other issue.