Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiffs David Melvin, J.L., and Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **DAVID MELVIN and J.L.**, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs,*<br><br>    v.<br><br>**23ANDME, INC.**, a Delaware corporation,<br><br>    *Defendant.* | Case No.: 3:24-cv-00487-SK<br><br>**DECLARATION OF RAFEY S. BALABANIAN IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM LEADERSHIP OF CLASS ACTION** |

Pursuant to 18 U.S.C. § 1746, I, Rafey S. Balabanian, hereby declare and state as follows:

1. I am an attorney admitted to practice law before this Court. I am over the age of 18 and fully competent to make this Declaration. I have personal knowledge of the facts set forth herein and if called upon to testify as a witness, I could and would competently testify hereto.

2. I am the Managing Partner and Director of Nationwide Litigation of Edelson PC. My firm represents Plaintiffs David Melvin and J.L. in the above-captioned case (the "*Melvin* Action"). I submit this Declaration in Support of Plaintiffs' Motion to Appoint Interim Leadership of Class Action.

*Edelson's Unparalleled Experience Litigating and Settling Complex Privacy Cases*

3. Edelson PC is a nationally recognized leader in high-stakes plaintiffs' work, ranging from class and mass actions to public client investigations and prosecutions. The firm has repeatedly been recognized by Law360 as Cybersecurity & Privacy Group of the Year (2017, 2018, 2019, 2020, 2022, 2023), Consumer Protection Group of the Year (2016, 2017, 2019, 2020), and a "Privacy Litigation Heavyweight" and "Cybersecurity Trailblazer" by the National Law Journal (2016). The National Law Journal also recognized us as "Elite Trial Lawyers" in Consumer Protection (2020, 2021), Class Action (2021), Privacy/Data Breach (2020), Mass Torts (2020), and Sports, Entertainment and Media Law (2020). Just considering cases where Edelson PC has served as lead counsel, Edelson's verdicts and settlements exceed $5 billion.

4. The firm's track record in privacy cases, particularly, is unparalleled. The firm filed the first-ever case under the Illinois Biometric Information Privacy Act ("BIPA"), which resulted in the largest single-state privacy settlement ever at $650 million, which was reached on the eve of trial. *See In re Facebook Biometric Information Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021).[1] In approving the settlement, Judge Donato of the Northern District of California noted the "landmark result" achieved for the Class, observing that Edelson and its co-counsel had produced a "major win for consumers in the hotly contested area of digital privacy." 522 F. Supp. 3d at 621. The firm has also negotiated the country's largest TCPA settlement. *Birchmeier v. Caribbean*

---

[1] The Robbins Geller firm was Edelson's co-counsel in that case and have also filed a case here.

*Cruise Line, Inc.*, No. 12-cv-04069 (N.D. Ill.).

5. We are also pioneers in litigation under the state genetic information privacy statutes specifically at issue in this case and obtained the first ever adversarially certified class under any such statute. *Melvin v. Sequencing LLC*, 344 F.R.D. 231 (N.D. Ill. 2023) (Illinois Genetic Information Privacy Act); *see also Cole v. Gene by Gene Ltd.*, No. 14-cv-00004-SLG (D. Alaska) (Alaska Genetic Information Privacy Act). The firm was lead counsel in *Spokeo v. Robins*, in which the Supreme Court held that "intangible harm" could satisfy Article III standing requirements. *See* 136 S. Ct. 1540 (2016). Commentators called the case "the most important privacy class action and consumer case of the decade."[2] Litigating on behalf of the American Civil Liberties Union, we obtained a consent decree in 2022 that permanently enjoins Clearview from selling access to its massive database of facial vectors to any private person or company, as well as additional restrictions—a settlement that has been called a "milestone for civil rights."[3] In short, EPC is the nation's leading class action firm on privacy issues, with the firm's cases "read[ing] like a time capsule of the last decade, charting how computers have been steadfastly logging data about our searches, our friends, our bodies."[4]

6. In 2023, Judge Lasnik of the Western District of Washington, in assessing the final fairness of the firm's $415 million settlement with an operator of an alleged illegal online casino, described how the Edelson firm worked "in the Executive branch, the legislative branch, and the Judicial branch" to secure an extraordinary result for its clients in a "unique" case—describing the firm as "all in with high quality and very admirable lawyering[.]" *Benson v. DoubleDown Interactive LLC*, No. 18-cv-00525, Dkt. 550 (W.D. Wash. June 22, 2023). This settlement was

---

[2] *See* John K. Higgins, *Supreme Court to Hear 'Non-Injury' Privacy Class* Action, E-Commerce Times (May 6, 2015), https://www.ecommercetimes.com/story/supreme-court-to-hear-non-injury-privacy-class-action-82015.html.

[3] *See S.T.O.P. Welcomes Clearview AI, ACLU Settlement, Calls For National Ban*, SURVEILLANCE TECHNOLOGY OVERSIGHT PROJECT (May 9, 2022), https://www.stopspying.org/latest-news/2022/5/9/stop-welcomes-clearview-ai-aclu-settlement-calls-for-national-ban.

[4] Conor Dougherty, *Jay Edelson, the Class-Action Lawyer Who May Be Tech's Least Friended Man*, NEW YORK TIMES (Apr. 4, 2015), https://www.nytimes.com/2015/04/05/technology/unpopular-in-silicon-valley.html.

reached after the watershed Ninth Circuit victory for consumers against such companies in *Kater v. Churchill Downs Inc.*, 886 F.3d 784 (9th Cir. 2018). Since then, we have successfully litigated consumer claims against numerous gambling companies for allegedly profiting from illegal internet casinos—where we've already secured $651 million in cash relief.

7. The Illinois Appellate court recently cited a lower court's findings that Edelson PC is "highly experienced and more than competent," that they had performed "an extraordinary job to secure the amount of money for the class," and that the settlement Edelson achieved was "truly an extraordinary resolution to the great benefit of the class." *McCormick v. Adtalem Global Educ., Inc. et al.*, 2022 IL App (1st) 201197-U, ¶ 30. In *Barnes v. Aryzta*, the court endorsed an expert opinion finding that we "should 'be counted among the elite of the profession generally and [in privacy litigation] specifically' because of [our] expertise in the area." No. 17-cv-7358, 2019 WL 277716, at *3 (N.D. Ill. Jan. 22, 2019); *see also In re Facebook Priv. Litig.*, 10-cv-02389, Dkt. 69 (N.D. Cal. Dec. 10, 2010) (former Chief Judge Ware of the Northern District of California, calling the firm "pioneers" and noting that Edelson has been at the forefront of "some of the largest consumer class actions in the country" on those issues).

8. The firm also has significant experience taking cases to trial. The firm holds the record for the largest-ever privacy jury verdict at $925 million. *Wakefield v. ViSalus, Inc.*, No. 3:15-cv-1857-SI (D. Or. June 24, 2019).[5] Late last year, we helped deliver a historic verdict to a certified class of victims of the Labor Day wildfires in Portland, which established liability and punitive damages for thousands of class members.[6] Just this week, Edelson co-led a trial resulting in a second verdict in the damages phase of that litigation awarding $85 million to nine victims of the wildfires, paving the way to tens of billions in damages class-wide.[7]

---

[5] The verdict was later vacated, with the Ninth Circuit holding that the lower court had to consider whether the damages awarded by the jury potentially violated due process. *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1125 (9th Cir. 2022).

[6] Jonathan Stempel, *Jury says Berkshire's PacifiCorp owes punitive damages for 2020 Oregon wildfires*, REUTERS (June 14, 2013), https://www.reuters.com/sustainability/jury-says-berkshires-pacificorp-owes-punitive-damages-2020-oregon-wildfires-2023-06-14.

[7] Johnny Diaz, *Utility Must Pay $85 Million to People Affected by Oregon Wildfires, Jury Rules*, NEW YORK TIMES (Jan. 24, 2024), https://www.nytimes.com/2024/01/24/us/oregon-wildfires-award.html.

*Edelson's Long Track Record Leading Consolidated Litigation*

9. The firm has significant experience leading aggregated litigation in challenging cases presenting complex, novel issues of law. The firm (and I specifically) were among those who served the Tort Claimants' Committee in one of the largest and most complex bankruptcies in the history of the country involving the giant West Coast utility PG&E, which resulted in a $13.5 billion settlement for the firm's clients—fire victims. As discussed above, we successfully certified a class for victims of the Labor Day 2020 wildfires in Portland to litigate the issue of liability and punitive damages class-wide—prevailing on each of those issues at trial after years of litigation. *See James v. PacifiCorp*, No. 20CV33885 (Multnomah Cnty. Ct., Or.).

10. We frequently represent states in multistate investigations and litigation, including the District of Columbia against JUUL for deceptive trade practices, and New Hampshire, Utah, and the District of Columbia against social media companies for harming a generation of their citizens with social media addiction. The firm (and I specifically) have been appointed interim lead counsel in subsequent multidistrict litigation against the platforms that hosted those alleged illegal casinos. *See In re Apple Inc. App Store Simulated Casino-Style Games Litig.*, No. 21-md-02985-EJD (N.D. Cal.); *In re Google Play Store Simulated Casino-Style Games Litig.*, No. 21-md-03001-EJD (N.D. Cal.); *In re Facebook Simulated Casino-Style Games Litig.*, No. 21-cv-02777-EJD (N.D. Cal.). Each of these cases involved myriad issues of first impression, in which the firm successfully worked within coalitions (and are still doing so) to deliver extraordinary results to our clients.

*Edelson's In-House Technical Capabilities Uniquely Situate It to Lead This Litigation*

11. EPC boasts a unique-in-the-industry forensic investigations team headed by Shawn Davis. Mr. Davis holds numerous certifications relevant to this data breach case, including ISC2 CISSP, GIAC Forensic Examiner, and GIAC Incident Handle (among many others). Mr. Davis serves as an in-house technical expert for the firm, including testifying at trial in federal court, and is routinely asked to testify before legislative bodies on critical areas of emerging artificial intelligence, cybersecurity, and privacy. In 2020, Mr. Davis was appointed by the Executive Office of the President to the Federal Government Advisory Committee on Data for Evidence Building with the U.S. Department of Commerce for a two-year term. This resource, along with the firm's

1  substantial subject-matter expertise, allows the firm to routinely undertake in-house, complex
2  reviews of novel and proprietary technology, security assessments, and the investigation and
3  analysis of highly confidential and complex source code—all technical issues that have already and
4  will continue to present themselves in this case.

*Edelson's Attorneys Are Well-Qualified to Hold Leadership Positions in This Case*

12. As noted above, I am Edelson PC's Managing Partner and Director of Nationwide Litigation. I have the subject matter and complex, aggregate litigation experience to provide effective leadership here. I have been appointed as lead class counsel in dozens of class actions in state and federal courts across the country and have resolved numerous cases to the benefit of the clients and classes I have represented. While much of my prior work will inform and support my efforts here—detailed in Edelson PC's firm resume, a true and correct copy of which is attached hereto—some are worth highlighting. First, I was one of the principal attorneys representing Plaintiffs in the *In re Facebook Biometric Information Privacy Litigation* matter, in which I was central to securing adversarial class certification and reaching a record-breaking settlement on the eve of trial—demonstrating my expertise in privacy actions and ability to secure excellent results for the class. Second, I have significant experience leading complex cases: I was one of the attorneys who served on the Tort Claimant Committee in the PG&E bankruptcy and had a significant role in helping to reach a $13.5 billion settlement on behalf of fire victims, and was appointed interim lead counsel in the consolidated litigation seeking to hold technology platforms liable for their hosting of illegal online casinos. My familiarity with pressing difficult issues of law alongside other counsel will serve this class well.

13. The team working on this matter at Edelson PC includes Jay Edelson, J. Eli Wade-Scott, Michael Ovca, Emily Penkowski Perez, and Hannah Hilligoss. Each of these individuals' experience is set forth in full in the firm's resume, but a few particulars are again worth highlighting here:

- **Jay Edelson.** Jay Edelson—the firm's Founder and CEO—has been one of the central figures in the development of modern consumer privacy law. An adjunct privacy professor at UC Berkeley School of Law, he's been described by the New York Times as

"Tech's Least-Friended Man,"[8] and called "probably the best known, and most innovative, consumer privacy lawyer on the planet."[9] Mr. Edelson has been named three times as a "Titan of the Plaintiff's Bar" by Law360 (2014, 2021, and 2023), and has been consistently recognized both inside and outside the legal profession for his privacy groundbreaking work, profiled as one of Fast Company's "Most Creative People in Business"—the first plaintiffs' attorney to ever receive the award.[10] Equally important, Mr. Edelson has been the leading voice of the reform wing of the plaintiffs' bar.[11] Mr. Edelson has, and will, leverage his unique skillset in this litigation to focus on development of applicable claims to these unprecedented facts, as well as litigation and negotiation strategy.

- ***J. Eli Wade-Scott (Harvard Law School '14, magna cum laude).*** Mr. Wade-Scott is the firm's director of class action litigation and has been appointed class counsel in dozens of privacy actions. He has delivered hundreds of millions of dollars to consumers in privacy cases—always with strong settlement structures that drive unprecedented class engagement in claiming their money at the time of settlement. Indeed, Mr. Wade-Scott is a pioneer when it comes to the use of direct checks in privacy cases, setting a standard followed by numerous subsequent settlements. Mr. Wade-Scott also represents governments in cases pressing first-impression privacy issues, including on behalf of the District of Columbia against Facebook in its litigation arising from Cambridge Analytica and on behalf of New Mexico against Google for violations of the Children's Online Privacy Protection Act. Mr. Wade-Scott has been recognized as a Rising Star of the Plaintiffs' Bar for three consecutive years by the National Law Journal, and was profiled by Bloomberg Law as one of "Five

---

[8] Dougherty, *supra* n.4.
[9] Eric Troutman, *Deserve to Win Podcast* (July 18, 2022), https://www.natlawreview.com/article/deserve-to-win-ep-3-jay-edelson-now-available-we-talk-dobbs-javier-and-privacy.
[10] *Meet the lawyer who stood between Big Tech and your facial recognition data*, FAST COMPANY (Aug. 9, 2022), https://www.fastcompany.com/90764561/jay-edelson-most-creative-people-2022.
[11] Christine Schiffner, *Jay Edelson in a 'Battle for the Soul of the Plaintiffs Bar'*, Law.Com (Sept. 19, 2022), https://www.law.com/nationallawjournal/2022/09/19/jay-edelson-in-a-battle-for-the-soul-of-the-plaintiffs-bar/.

Fresh Faces to Know in Privacy and Cybersecurity."[12] Mr. Wade-Scott will assist Mr. Balabanian in leading the litigation and managing the nuts-and-bolts work of day to day class action practice, from crafting discovery strategies to settlement structure.

- *Michael Ovca (Northwestern Law School '17, cum laude).* Mr. Ovca has been one of the firm's lead associates on technology and privacy matters since he began at Edelson in 2017 and has worked on or led more than two dozen privacy and technology actions at the firm. Most notably, Mr. Ovca was recently the lead associate in securing the first-ever adversarially certified class under *any* state's genetic privacy law in *Melvin v. Sequencing, Inc.*, and was appointed class counsel there.

- *Emily Penkowski Perez (Northwestern Law School '20, cum laude).* Ms. Penkowski-Perez not only brings substantial experience from her work on more than ten technology/privacy actions at the firm, including her work representing the District of Columbia in its groundbreaking action against Facebook, but also the singular perspective of someone who has worked as an intelligence analyst for the National Security Agency, in the Office of Counterintelligence & Cyber (previously the NSA/CSS Threat Operations Center) and the Office of Counterterrorism. Ms. Penkowski is routinely pulled into matters in which the firm can leverage her unique expertise.

- *Hannah Hilligoss (Harvard Law School '22, cum laude).* Ms. Hilligoss's practice focuses on privacy and technology actions at the firm, where she has worked on numerous technology and privacy actions since beginning at the firm. Prior to joining Edelson, Ms. Hilligoss worked at Harvard's Berkman Klein Center for Internet and Society, where she authored several papers on ethics and governance in new technologies, particularly artificial intelligence, and led a working group of Harvard faculty focused on ethical technology development. Ms. Hilligoss's proven ability to parse technological and privacy issues without precedent and determine how law and policy should address them will yield

---

[12] Andrea Vittorio, *They've Got Next: Privacy and Cybersecurity Fresh Face Eli Wade-Scott*, BLOOMBERG LAW (Oct. 29, 2021), https://news.bloomberglaw.com/business-and-practice/theyve-got-next-privacy-and-cybersecurity-fresh-face-eli-wade-scott.

1 significant dividends for the Class.

2  14. To be clear, Edelson is not asking for this entire team of attorneys to be appointed lead counsel—that is appropriately settled on the shoulders of one final decision-maker or organized with a co-lead—but to highlight the depth and variety of experience that the firm brings to the case. And the firm has resources to address every phase of the case: in addition to the dedicated investigations and in-house forensic investigations team, as well as the deep bench of litigators assigned to the case, the firm also has a dedicated appellate team, a dedicated trial team, and a dedicated government affairs team (which is often pulled in if the case involves legislative skirmishes or if the firm needs to coordinate with governmental actors).

 15. Nor, simply put, does the firm lack the material resources to contend with a well-financed adversary. We've recovered billions of dollars for the firm's clients, but equally important, have demonstrated that the firm has been run soundly from a financial point of view: A good marker is to look at how firms weathered the COVID-19 pandemic; while many of plaintiffs' firms (either properly or not) competed against their clients to take large Paycheck Protection Program loans, our firm did not—and in fact, continued with its commitment to grow and increased salaries and benefits for our employees.

 16. A true and correct copy of the Firm's Resume is attached hereto as Exhibit 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of January 2024, at San Rafael, California.

By: /s/Rafey S. Balabanian