GREENBERG TRAURIG, LLP
Ian C. Ballon (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650-328-8500

Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Kristin O'Carroll (SBN 312902)
*ocarrollk@gtlaw.com*
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendant 23andMe, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MELVIN and J.L., on behalf of themselves and all others similarly situated, <br><br>     *Plaintiffs*, <br><br> v. <br><br> 23ANDME, INC., <br><br>     *Defendant*. | CASE NO.  3:24-cv-0487 <br><br> Hon. Edward M. Chen <br><br> **DEFENDANT 23ANDME, INC.'S ADMINISTRATIVE MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT UNTIL AFTER CASE MANAGEMENT CONFERENCE PURSUANT TO LR 6(b) AND 7-11** |

## I.     **INTRODUCTION**

This Court should extend 23andMe's deadline to respond to the complaint to thirty (30) days after the CMC because extending the deadline will promote judicial efficiency, avoid the risk of potentially inconsistent rulings, and help coordinate the dozens of related cases currently pending before this Court.[1] As of filing, Plaintiffs' counsel—who is the only plaintiffs' firm to not participate in the January 31, 2024 mediation—has not advised whether they will oppose this motion for more time, despite 23andMe's repeated requests for Plaintiffs' position.

Since the Related Cases were filed, 23andMe has operated on two parallel tracks to ensure the efficient administration of this litigation. 23andMe has worked to streamline the pending litigation to a single timeline by filing a Motion to Transfer Actions to the Northern District of California Pursuant to 18 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings with the Judicial Panel on Multidistrict Litigation, MDL No. 3098 (the "MDL Motion"), filing a Motion to Stay the Related Cases until the JPML makes a determination on the MDL Motion (the "Motion to Stay"), and, where necessary, stipulating to continue deadlines. At the same time, 23andMe has worked with plaintiffs to resolve the claims arising from the Incident by, among other things, engaging in a mediation on January 31, 2024.

This Court should grant 23andMe's motion for a brief extension for three reasons:

*First*, the parties' and judicial resources will be conserved in favor of judicial economy if the cases are on a single timeline, which extending 23andMe's deadline to respond to Plaintiffs' complaint would allow.

*Second*, if 23andMe's deadline to respond to the complaint is not continued, then 23andMe and the putative classes will be prejudiced by potentially inconsistent proceedings here and in the thirty-one (31) other Related Cases.

*Third*, a brief continuance will not prejudice plaintiffs. Indeed, most plaintiffs' counsel in the Related Cases have already agreed to the requested continuance. Guyon Decl., ¶ 4.

## II.     **PROCEDURAL AND FACTUAL BACKGROUND**

In early October 2023, 23andMe learned that certain customer profile information, which users had

---

[1]     *Santana, et al. v. 23andMe, Inc.* 3:23-cv-05147-EMC (N.D. Cal. Oct. 9, 2023) ("*Santana*") at ECF Nos. 20, 24, 33, 45, 46, 49, 59, 65, 71 (the "Related Cases").

elected to share with up to thousands of other DNA relatives through the DNA Relatives feature, was accessed from individual 23andMe.com user accounts without authorization. Upon learning of the unauthorized access, 23andMe promptly began investigating the matter and notified customers and law enforcement of the Incident. After 23andMe discovered and promptly disclosed the Incident, forty (40) putative class action lawsuits in which plaintiffs assert claims arising from the Incident have been filed in state and federal courts around the country, primarily in the Northern District of California.[2]

On December 21, 2023, 23andMe filed a Motion to Transfer Actions to the Northern District of California Pursuant to 18 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings with the Judicial Panel on Multidistrict Litigation, MDL No. 3098 (the "MDL Motion"). *Santana* at ECF No. 34.

On December 29, 2023, Defendants requested this Court enter a stay of all proceedings until the JPML rules on Defendant's MDL Motion (the "Motion to Stay") and filed a Re-Notice of the Motion to Stay to correct the briefing schedule on January 5, 2024. The Motion to Stay is set for hearing on February 22, 2024. *See Santana* at ECF Nos. 37, 44.

On January 17, 2024, the Court vacated the CMC set for January 23, 2024 in the Related Cases and ordered the CMC be reset to 30 days after the Court rules on Defendant's filed Motion to Stay.

Plaintiffs filed the Complaint here on January 26, 2024, and filed a Motion to Appoint Interim Leadership on the same day. In the Motion to Appoint Interim Leadership, Plaintiffs made clear they would not participate in the mediation scheduled for January 31, 2024 and criticized the mediation and its participants. ECF No. 4. The Court denied the Motion to Appoint Interim Leadership on February 2, 2024. ECF No. 15.

Plaintiffs served the Summons and Complaint on Defendants on January 29, 2024. Defendant's deadline to respond is, therefore, February 19, 2024, before the Court rules on 23andMe's Motion to Stay filed before this case. ECF No. 9; *Santana* at ECF Nos. 37, 44.

23andMe requested that Plaintiffs stipulate to extend 23andMe's response date to align with the Related Cases on February 1, 2024. Guyon Decl. ¶ 6. To date, Plaintiffs' counsel has not advised whether they will grant 23andMe its requested stipulation or oppose this motion for a continuance. *Id.* However, counsel in thirty (30) of the Related Cases have agreed either to stay their cases pending the MDL Motion

---

[2]   A complete list of all the actions filed to date arising from the Incident is included in Exhibit A.

23ANDME, INC.'S ADMINISTRATIVE MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT UNTIL AFTER CASE MANAGEMENT CONFERENCE

or continue 23andMe's deadline to respond until thirty (30) days after the CMC in the Related Cases. Guyon Decl. ¶ 4; *see also Lamons v. 23andMe, Inc.,* 3:23-cv-05178 at ECF No. 19 (N.D. Cal. Oct. 9, 2023); *Berman et al v. 23andMe, Inc.,* 3:23-cv-05345 (N.D. Cal. Oct. 19, 2023) at ECF No. 16; *Tulchinsky v. 23andMe, Inc.,* 3:23-cv-05369 (N.D. Cal. Oct. 19, 2023) at ECF No. 15.

### III.   <u>ARGUMENT</u>

Good cause supports the brief continuance requested by this Motion. Under Fed. R. Civ. P. 6(b)(1)(A), the Court may, for good cause, extend the time by which a party must act within a specified time. "Good cause" is a non-rigorous standard and is broadly construed. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "Consequently, requests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (internal quotations and citations omitted).

#### 1)   The Proposed Continuance Will Conserve The Parties' And Court's Resources

Extending 23andMe's deadline to respond to the complaint would allow the parties to brief the allegations, claims, and issues once a consolidated amended complaint is filed for the Related Cases or for all the federal courts where actions are pending nationwide. Otherwise, the parties will undoubtedly be forced to relitigate and re-brief the arguments made here before all the other Related Cases. *See Nichols v. DePuy Orthopaedics, Inc.*, 2011 U.S. Dist. LEXIS 135881, at *8 (N.D. Cal. Nov. 2, 2011) (recognizing denying motion would "potentially impose a significant burden on Defendant, insofar as it would be forced to engage in duplicative litigation"). Allowing this matter to proceed before the others would create a "substantial risk of hardship and inequity" to 23andMe and be "a needless use of time and resources." *A.H.M. v. Uber Techs., Inc.*, No. 23-CV-03482-JSC, 2023 WL 6199179, at *2 (N.D. Cal. Sept. 22, 2023).

#### 2)   The Continuance Will Avoid Potentially Inconsistent Rulings

Denying the proposed continuance would not only cause "unnecessary proceedings" but also risk "inconsistent rulings on recurring questions of law and fact." *Acosta-Smith v. Equifax Inc.,* 2018 WL 1155981, at *4 (C.D. Cal. Mar. 5, 2018) (staying data breach litigation pending JPML transfer). Indeed, Plaintiffs bring the same allegations and claims here as many of the Related Cases—*e.g.*, claims for negligence, under California Unfair Competition Law (UCL), and for injunctive relief. And all the cases arise out of the same Incident. Further, in this matter, Plaintiffs seek to represent the same putative class of

- 4 -

United States residents allegedly affected by the Incident as plaintiffs do in most of the Related Cases. Accordingly, absent a continuance, inconsistent ruling for the same putative classes for the same claims is likely unavoidable.

### 3) A Short Delay Will Not Prejudice Plaintiffs

The brief stay will not prejudice plaintiffs. Any delay from the proposed continuance "is relatively short and therefore potential prejudice is minimal." *Acosta-Smith*, 2018 WL 1155981, at *4. Plaintiffs' counsel in almost all other Related Cases have already agreed to the requested continuance, which further demonstrates the lack of prejudice. Guyon Decl., ¶ 4. If anything, the continuance will benefit plaintiffs. It will allow plaintiffs to coordinate in drafting a consolidated amended complaint and briefing the common claims at issue in all of these cases.

Importantly, any potential prejudice to plaintiffs was mitigated because 23andMe brought this motion quickly without delay. In fact, the same day this Court issued an Order relating this case to *Santana* (ECF No. 14), counsel for 23andMe reached out to Plaintiffs' counsel to request if Plaintiffs would continue 23andMe's deadline to respond to the complaint until 30 days after the CMC. Guyon Decl., ¶ 6. As such, there is no prejudice to plaintiffs as a result of the minor extension 23andMe requests.

### IV.    <u>CONCLUSION</u>

For the foregoing reasons, 23andMe respectfully requests that this Court continue 23andMe's deadline to respond to Plaintiffs' complaint until thirty (30) days after the CMC.

DATED: February 12, 2024                    GREENBERG TRAURIG, LLP


                                    By:      /s/ Ian C. Ballon
                                            Ian C. Ballon
                                            Attorneys for Defendant, 23andMe, Inc.,

23ANDME, INC.'S ADMINISTRATIVE MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT UNTIL AFTER CASE MANAGEMENT CONFERENCE

# EXHIBIT A

### Exhibit A

- *Santana v. 23andMe, Inc.,* 3:23-cv-05147 (N.D. Cal. filed Oct. 9, 2023)
- *Lamons v. 23andMe, Inc.*, 3:23-cv-05178 (N.D. Cal. filed Oct. 10. 2023)
- *Andrizzi v. 23andMe, Inc.*, 3:23-cv-5198 (N.D. Cal. filed Oct. 10, 2023)
- *Eden v. 23andMe, Inc.,* 3:23-cv-05200 (N.D. Cal. filed Oct. 11, 2023)
- *J.S. v. 23andMe, Inc. et al*, 3:23-cv-05234 (N.D. Cal. filed Oct. 13, 2023)
- *Navarro v. 23andMe, Inc.*, 3:23-cv-05281 (N.D. Cal. filed Oct. 16, 2023)
- *Friend v. 23andme Inc.,* 3:23-cv-5323 (N.D. Cal. filed Oct. 17, 2023)
- *Greenberg v.23andMe Inc*. 3:23-cv-5302 (N.D. Cal. filed Oct. 17, 2023)
- *Friend v. 23andMe Holding Co*, 3:23-cv-5302 (N.D. Cal. filed Oct. 17, 2023)
- *Hoffman v. 23andMe Inc.,* 5:23-cv-5332 (N.D. Cal. filed Oct. 19, 2023)
- *Berman v. 23andMe Inc.,* 3:23-cv-5345 (N.D. Cal. filed Oct. 19, 2023)
- *Farmer v. 23andMe Inc.,* 3:23-cv-5341 (N.D. Cal. filed Oct. 19, 2023)
- *Tulchinsky v. 23andMe Inc.,* 3:23-cv-05369 (N.D. filed Cal. Oct. 19, 2023)
- *Seikel v. 23andMe, Inc.,* 3:23-cv-05419 (N.D. Cal. filed Oct. 23, 2023)
- *Fralix v. 23andMe, Inc.,* 3:23-cv-05439 (N.D. Cal. filed Oct. 23, 2023)
- *Gill v. 23andMe, Inc.,* 8:23−cv−02387 (C.D. Cal. filed Oct. 25, 2023)
- *Velez v. 23andMe, Inc.,* 3:23-cv-05464 (N.D. Cal. filed Oct. 24, 2023)
- *Alperstein v. 23andMe, Inc.,* 3:23-cv-5541 (N.D. Cal. filed Oct. 26, 2023)
- *Smith v. 23andMe, Inc.,* 3:23-cv-05548 (N.D. Cal. filed Oct. 27, 2023)
- *Furia v. 23andMe Inc*.,  3:23-cv-05565 (N.D. Cal. filed Oct. 27, 2023)
- *Schutz v. 23andMe Inc*., 3:23-cv-05579 (N.D. Cal. filed Oct. 30, 2023)
- *Vasquez v. 23andMe Inc.,* 23-cv-424996 (California Superior Court, Santa Clara County, filed Oct. 31, 2023)
- *Vickery v. 23andMe, Inc.,* 3:23-cv-05635 (N.D. Cal. filed Oct. 31, 2023)
- *Sorensen v. 23andMe, Inc.,* 5:23cv5677 (N.D. Cal. filed Nov. 3, 2023)
- *Doe v. 23andMe, Inc.,* 3:23-cv-05717 (N.D. Cal. filed Nov. 6, 2023)

**Exhibit A**

- *Molina v. 23andMe, Inc.*, 3:23-cv-05779 (N.D. Cal. filed Nov. 9, 2023)
- *Dube v. 23andMe, Inc.,* 3:23-cv-05768 (N.D. Cal. filed Nov. 9, 2023)
- *Bacus v. 23andMe, Inc.,* 1:23-cv-16828 (N.D. Ill. filed Nov. 13, 2023)
- *Ryan v. 23andMe, Inc.,* 3:23-cv-5968 (N.D. Cal. filed Nov. 17, 2023)
- *Scott v. 23andMe Holding Co., 23andMe, Inc.*, 3:23-cv-5980 (N.D. Cal. filed Nov. 17, 2023)
- *Ioffe v. 23andMe, Inc.,* 3:23-cv-06205 (N.D. Cal. filed Nov. 30, 2023)
- *Morgenstern v. 23andMe, Inc.*, T-23-1490 (San Francisco County Superior Court, filed Dec. 4, 2023)
- *Rivers v. 23andMe, Inc., 23Andme Holding Co.*, 3:23-cv-06481 (N.D. Cal. filed Dec. 15, 2023)
- *Hu v. 23andMe, Inc.*, 1:23-cv-17079 (N.D. Ill. filed Dec. 26, 2023)
- *Paddy, et al. v. 23andMe, Inc.,* 3:23-cv-06698 (N.D. Cal. filed Dec. 29, 2023)
- *Picha v. 23andMe, Inc.,* 3:23-cv-06719 (N.D. Cal. filed Dec. 29, 2023)
- *Wilkus et al v. 23andMe, Inc.,* TC24-185-0 (California Superior Court, Santa Clara County, filed Jan. 23, 2023)
- *Melvin, J.L. v. 23andMe, Inc.,* 3:24-cv-00487 (N.D. Cal. filed Jan. 26, 2023)
- *MacMillan v. 23andMe, Inc.,* 3:24-cv-00555 (N.D. Cal. filed Jan. 30, 2023)
- *Stanford v. 23andMe, Inc.* 5:24-cv-00603 (N.D. Cal. filed Jan. 31, 2023)