# EXHIBIT 1-C



Eli Wade-Scott <ewadescott@edelson.com>

## [Ext] Melvin v. 23andMe, Inc. 3:24-cv-00487
8 messages

---

**Adam.Korn@gtlaw.com** <Adam.Korn@gtlaw.com>       Thu, Feb 1, 2024 at 6:00 PM
To: jedelson@edelson.com, rbalabanian@edelson.com, ewadescott@edelson.com, aprather@edelson.com
Cc: Ballon@gtlaw.com, Rebekah.Guyon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com

Counsel,

Please let us know if you will agree to continue Defendant's deadline to respond to the complaint in the above-referenced matter until 30 days after the initial case management conference, which has been continued until after the Court rules on the motion to stay per ECF No. 55.

If acceptable, we can circulate a proposed stipulation.

Thank you,

**Adam Korn**
Associate

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7898  |  F +1 310.586.7800
Adam.Korn@gtlaw.com  |  www.gtlaw.com   |  View GT Biography



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

---

**Eli Wade-Scott** <ewadescott@edelson.com>       Thu, Feb 1, 2024 at 6:50 PM
To: Adam.Korn@gtlaw.com
Cc: jedelson@edelson.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Rebekah.Guyon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, Michael Ovca <movca@edelson.com>, Hannah Hilligoss <hhilligoss@edelson.com>, Emily Penkowski <epenkowski@edelson.com>

Adam - thanks for reaching out. Copying the rest of our team here. We're happy to consider this but in order to evaluate, we need to know the status of the stipulation about arbitration we sent to Ian last week. (We don't want to agree to an extension only to find that we get a motion to compel that the Parties had agreed to obviate.) Let us know.

Eli

[Quoted text hidden]

--



**J. Eli Wade-Scott**

350 N LaSalle St, 14th Floor, Chicago, IL 60654

d 312.242.0859 · t 312.589.6370 · edelson.com

---

**Eli Wade-Scott** <ewadescott@edelson.com>　　　　　　　　　　　　　　Tue, Feb 6, 2024 at 12:33 PM
To: Adam.Korn@gtlaw.com
Cc: jedelson@edelson.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Rebekah.Guyon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, Michael Ovca <movca@edelson.com>, Hannah Hilligoss <hhilligoss@edelson.com>, Emily Penkowski <epenkowski@edelson.com>

All - checking in on this. Can we get the redlines on the stipulation today?

Best,

Eli

[Quoted text hidden]

---

**Rebekah.Guyon@gtlaw.com** <Rebekah.Guyon@gtlaw.com>　　　　　　　　　　　Wed, Feb 7, 2024 at 5:23 PM
To: ewadescott@edelson.com, Adam.Korn@gtlaw.com
Cc: jedelson@edelson.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, movca@edelson.com, hhilligoss@edelson.com, epenkowski@edelson.com

Eli,

Thanks for following up. As you know, Melvin filed suit after 23andMe both moved for transfer and consolidation with the JPML and to stay all cases pending the JPML's ruling. It is our position that Melvin's claims should be part of the same MDL that we previously sought, and this case should be stayed pending that ruling from the JPML, as plaintiffs in many of the earlier cases filed to date have already agreed. Short of that, we simply seek a stipulation extending our response date until after the CMC in the Related Cases, which Chen has granted by stipulation or our motion across the board.

Further, Judge Chen's order denying Edelson's motion for appointment of interim leadership indicates that he does not want Melvin's claims on a separate track from the rest of the 30+ cases arising from the same incident that are earlier-filed. For at least these reasons, we do not think it is appropriate to condition our requested stipulation on a waiver of 23andMe's right to compel arbitration.

If you will not grant us the extension by stipulation, we will move for more time. Please let us know by tomorrow so that we can proceed appropriately.

Regards,

**2 of 8**

**Rebekah S. Guyon**
Shareholder

Greenberg Traurig, LLP
1840 Century Park East | Suite 1900 | Los Angeles, CA 90067-2121
T +1 310.586.7716  |  F +1 310.586.0225
Rebekah.Guyon@gtlaw.com  |  www.gtlaw.com  |  View GT Biography



---

**From:** Eli Wade-Scott <ewadescott@edelson.com>
**Sent:** Tuesday, February 6, 2024 10:33 AM
**To:** Korn, Adam (Assoc-LA-LT) <Adam.Korn@gtlaw.com>
**Cc:** jedelson@edelson.com; rbalabanian@edelson.com; aprather@edelson.com; Ballon, Ian (Shld-LA-SV-LT-IP-TECH-ENT) <Ballon@gtlaw.com>; Guyon, Rebekah S. (SHLD-LA-LT) <Rebekah.Guyon@gtlaw.com>; Kim, Cassidy (Assoc-SFO-GvtCntr) <Cassidy.Kim@gtlaw.com>; O'Carroll, Kristin (Assoc-SFO-LT) <ocarrollK@gtlaw.com>; Lacarcel, Laura (Assoc-LA-LT) <Laura.Lacarcel@gtlaw.com>; Pham, Chrystal (Para-SFO-Labor-EmpLaw) <Chrystal.Pham@gtlaw.com>; Michael Ovca <movca@edelson.com>; Hannah Hilligoss <hhilligoss@edelson.com>; Emily Penkowski <epenkowski@edelson.com>
**Subject:** Re: [Ext] Melvin v. 23andMe, Inc. 3:24-cv-00487

**\*EXTERNAL TO GT\***

[Quoted text hidden]

---

**Eli Wade-Scott** <ewadescott@edelson.com>        Wed, Feb 7, 2024 at 5:54 PM
To: Rebekah.Guyon@gtlaw.com
Cc: Adam.Korn@gtlaw.com, jedelson@edelson.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, movca@edelson.com, hhilligoss@edelson.com, epenkowski@edelson.com

Rebekah -

I hope you've found us responsive here, and I'm happy to respond to you (as I have every time) the same day you've reached out to us. All we're asking is for *some* response on the stipulation that's been with you all for a week-plus now, because it would be helpful in understanding what it is we're extending the response date for. I'm all for the efficiency, but there's similarly no reason for us to guess in the dark. If the answer is "we are not going to tell you and you need to tell us if you oppose the extension," I suppose that's fine—but if it's really your client's position, they should be clear about that. If you want our position on the extension by tomorrow, please let me know by tomorrow.

Eli

[Quoted text hidden]

---

**Eli Wade-Scott** <ewadescott@edelson.com>        Thu, Feb 8, 2024 at 12:56 PM
To: Rebekah.Guyon@gtlaw.com
Cc: Adam.Korn@gtlaw.com, jedelson@edelson.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, movca@edelson.com, hhilligoss@edelson.com, epenkowski@edelson.com

**3 of 8**

Rebeka - just following up here. We provided you all with a draft stipulation on January 26, and were promised redlines on January 28. If you are going to try to renege on the agreement not to seek arbitration, that's something that we have a right to know. We will certainly give you our position on your extension, but professional courtesies go both ways. Please let us know today.

[Quoted text hidden]

---

**Rebekah.Guyon@gtlaw.com** <Rebekah.Guyon@gtlaw.com>  Thu, Feb 8, 2024 at 2:20 PM
To: ewadescott@edelson.com
Cc: Adam.Korn@gtlaw.com, jedelson@edelson.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, movca@edelson.com, hhilligoss@edelson.com, epenkowski@edelson.com

Eli,

Thanks for following up. We don't agree that these issues are or should be mixed.

We reached out after you filed suit as one of the last filed cases, and refused to participate in the mediation scheduled for January 31, simply to ask for an extension of time so that this much later filed suit can be on the same schedule as the 30+ earlier filed cases. We have uniformly maintained that MDL treatment and a stay pending the JPML ruling is appropriate in all of these related cases.

We will get back to you on the stipulation you previously sent separately today, but we don't agree that an extension has anything to do with your stip, which was sent before your firm backed out of the mediation and engaged in a very public campaign to criticize and undermine the January 31 mediation, including criticizing pre-mediation disclosures that your firm did not receive.

Please let us know if you will stipulate to extend our deadline, or if we should assume our administrative motion to continue will be opposed.

[Quoted text hidden]

---

**Jay Edelson** <jedelson@edelson.com>  Thu, Feb 8, 2024 at 2:33 PM
To: Rebekah.Guyon@gtlaw.com
Cc: ewadescott@edelson.com, Adam.Korn@gtlaw.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, movca@edelson.com, hhilligoss@edelson.com, epenkowski@edelson.com

Rebekah,

This is not a fair characterization.  Let's put his in the proper sequencing:

1.  Ian agreed to stipulate to waiving the arbitration clause.  That is a stand-alone issue and should have been put to bed immediately.  I am hearing now that you are reneging in order to punish us for not going along with the mediation.

2.  On the mediation, I expressed to Ian what our reservations were.  I made it clear I was open to being persuaded I was incorrect.  Ian did not engage on those issues, which is fine.

3.  At the same time, we were speaking with the broader group.  I won't reveal exactly what happened, but it was clear to us that certain of the firms did not understand the facts or the law and had no strategy other than to take whatever was offered.  (We also did get insight into what information 23&Me was providing, despite your suggestion to the contrary.)

4.  We asked you to delay the mediation so that lead counsel should be appointed.  This is something that should be in everyone's interest.  You declined to do that, as is your right.

5. You now seem to have one singular focus: get us to agree on a stay while ignoring any past agreements we had or resolving issues that give us discomfort. (By the way, again, these are all things in our mutual interest. You can't hold the threat of arbitration over people's heads in order to get a cheaper settlement. Making clear you are waiving it is, to make the point as sharp as possible, is in 23&Me's interests.)

5. Finally, given your last email it seems like you are engaged in exactly the type of reverse auction situation the courts don't allow. You are sending a clear message: if people don't assert any strong positions that you don't like, you will engage in settlement negotiations. If they do anything you don't like, you will freeze them out. Again, this is a mistake and we suggest you reconsider it.

Best,

J

**Edelson** PC

**Jay Edelson**
350 N LaSalle St, 14th Floor, Chicago, IL 60654
d 312.589.6375 · t 312.589.6370 · edelson.com
          Non-Compliant · @JayEdelson (Twitter · LinkedIn)

[Quoted text hidden]

**5 of 8**



Eli Wade-Scott <ewadescott@edelson.com>

## [Ext] Re: [Ext] RE: [Ext] RE: [Ext] Melvin v. 23andMe, Inc. 3:24-cv-00487
2 messages

**Rebekah.Guyon@gtlaw.com** <Rebekah.Guyon@gtlaw.com>  Sat, Feb 10, 2024 at 6:37 PM
To: jedelson@edelson.com
Cc: ewadescott@edelson.com, Adam.Korn@gtlaw.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, movca@edelson.com, hhilligoss@edelson.com, epenkowski@edelson.com

Jay,

First, we strongly object to you receiving our confidential mediation disclosures without being bound to keep them confidential and in view of your hostility to mediation.

Based on your statements below, it seems that you received our mediation disclosures in violation of the mediation privilege and our mediation confidentiality agreement with all of the other plaintiffs and mediator Randall Wulff. Please advise exactly what you received, and from whom, so that we can try to address this.

Your accusation that we would "freeze" out anybody is entirely untrue. In fact, only your firm refused to participate in the mediation on January 31. Every single other plaintiffs' counsel in the other 35+ cases participated. We invited you to attend the January 31 mediation, and even expressed our regret when you backed out, and attempted to persuade you to appear, contrary to your email below. Indeed, your email concedes that it was your firm that did not want to negotiate while other plaintiffs' counsel were present—who you openly criticize in the press as apparently less knowledgeable than you, which we think is inappropriate—but is nonetheless a situation entirely of your own making.

Second, our position has always been—since well before you filed suit—that these cases should be treated on a consolidated basis by the JPMDL, and stayed pending a ruling on our motion for JPMDL treatment. If you wish to accuse us of having a "singular focus" of trying to make these proceedings as efficient as possible, it's fair.

Until we find out whether there is MDL consolidation and how Judge Chen wants plaintiffs to coordinate in putting together a consolidated complaint, we are reticent about entering into a separate deal with the one firm that appears to be unwilling to coordinate with the other plaintiffs firms involved in these cases.


Regards,

Rebekah Guyon

**Jay Edelson** <jedelson@edelson.com>  Sun, Feb 11, 2024 at 12:35 PM
To: Rebekah.Guyon@gtlaw.com
Cc: ewadescott@edelson.com, Adam.Korn@gtlaw.com, rbalabanian@edelson.com, aprather@edelson.com, Ballon@gtlaw.com, Cassidy.Kim@gtlaw.com, ocarrollK@gtlaw.com, Laura.Lacarcel@gtlaw.com, Chrystal.Pham@gtlaw.com, movca@edelson.com, hhilligoss@edelson.com, epenkowski@edelson.com

Thanks, Rebekah.  Here are our views:

1.  You previously said that you would sign the stipulation.  That was so even though you were seeking centralization.  You one new argument seems to be that because we have been "hostile" to the mediation, that somehow tips the scales.  The only way I can interpret this is that you are saying one of two things:  1:  "we don't want you to be lead because you have a more aggressive litigation position than the other folks and fear that if we follow through with our promise, that could be used in the lead fight" or 2: "we were willing to waive arbitration if this was going to settle, but if it won't, we want to preserve the argument."  Neither position is helpful.  First, you should not be trying to influence leadership issues.  Second, you certainly can't have a foot in two different camps ("arbitration if it doesn't settle, no arbitration if it does").  Third, it is disappointing if you are willing to renege on deals; it feeds into our narrative that 23&Me is not an honest broker in this litigation (as detailed in our complaint).  To be clear, we are not accusing you or any other lawyer of bad faith conduct; instead, we understand this strategy to be coming from your client.

2. If you really are concerned that you would somehow be forced to do this piecemeal, I can assure you that when we reach this simple agreement, we can get the other firms to sign off as well.  I am more than happy to agree that if we can not secure unanimous consent on the plaintiffs' side, the agreement is void.

3.  If you won't engage, we likely would be forced to file some arbitrations where we would ask the arbitrators to void the arbitration clauses and let us litigate in court.  That, it seems, would be a waste of resources, but this is a key issue for us and one that we think needs to be resolved early and certainly before there are any serious settlement discussions.

4.  Your suggestion that we are lone wolves is incorrect.  You know that based on how the mediation went down.

5.  You make several demands about what informs our views of the mediation,  claiming that anything we know must be in violation of some agreement that we never saw, let alone signed.  While I disagree with your assumptions, I'm not understanding why we would be required to provide the information you are requesting.  Indeed, it seems to be precisely counter to your overall view: nothing can happen (other than apparently settling the case) until the cases are coordinated.  If you are now suggesting that you would like to engage in some sort of information exchange, we would be happy to do so.  If you are making unilateral demands, we respectfully decline unless you can point to some practical reason or legal authority compelling us to provide us the requested information.

6. To the extent you are suggesting that you will provide us with the same information others have gotten on the condition that we sign an appropriate confidentiality agreement, that is acceptable to us.  Would you like us to prepare one or would you like to?

Best,

Jay



**7 of 8**

**Jay Edelson**
350 N LaSalle St, 14th Floor, Chicago, IL 60654
d 312.589.6375 · t 312.589.6370 · edelson.com

Non-Compliant · @JayEdelson (Twitter · LinkedIn)

[Quoted text hidden]