GREENBERG TRAURIG, LLP
Ian C. Ballon (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650-328-8500

Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Kristin O'Carroll (SBN 312902)
*ocarrollk@gtlaw.com*
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendant 23andMe, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MELVIN and J.L., on behalf of themselves and all others similarly situated,<br><br>        *Plaintiffs*,<br><br>v.<br><br>23ANDME, INC.,<br><br>        *Defendant*. | CASE NO.  3:24-cv-0487<br><br>Hon. Edward M. Chen<br><br>**DEFENDANT 23ANDME, INC.'S [PROPOSED] REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT UNTIL AFTER CASE MANAGEMENT CONFERENCE PURSUANT TO LR 6(b) AND 7-11** |

Plaintiffs Melvin and J.L.'s (the "Melvin Plaintiffs") Opposition to 23andMe's motion for a continuance—the ***only*** opposition filed to a request for a continuance in any of the Related Cases—is riddled with falsities in an attempt to tell the Court there is a fire when there is no smoke.

Melvin and J.L.'s suit is the second-to-last of the Related Cases[1] filed at the end of January 2024, immediately after their counsel backed out of their earlier agreement to participate in mediation of the Related Cases, which was attended in person or by proxy by plaintiffs firms involved in every single other action subject to 23andMe's pending MDL application. The Melvin Plaintiffs have provided no valid or true reason for expediting their near-last filed claims, apart from their counsel's very public desire to be appointed as leader of a putative class—a motion that was filed concurrently with the Melvin Plaintiffs' complaint and which this Court has already summarily denied. ECF No. 15.

Instead, the Melvin Plaintiffs paint a false narrative under the auspice of requiring some kind of immediate relief in their Opposition to 23andMe's motion for continuance ("Opposition") (ECF No. 26).

First, the Melvin Plaintiffs claim they are opposing 23andMe's Motion based on an allegedly new discovery this week regarding 23andMe allowing its users to participate in research. Not so. In fact, the Melvin Plaintiffs have refused to grant 23andMe any extension whatsoever from the time their counsel first reached out on February 1, 2024. *See* Declaration of Rebekah Guyon In Support of Defendant's Administrative Motion to Continue Deadline to Respond to Complaint, at ¶ 6 (ECF No. 23-1). The only thing that changed in the past fifteen days is that on the evening of Valentine's Day, the Melvin Plaintiffs' lawyers came up with a pretext for their refusal to grant the same extension entered to date by stipulation or court order in these Related Cases (except, as noted below, the grounds cited are based on false and unfounded accusations). Supplemental Declaration of Rebekah Guyon In Support of 23andMe's [Proposed] Reply In Support of the Motion ("Supp. Guyon Decl."), ¶ 2.

Second, 23andMe has not announced, nor have the Melvin Plaintiffs discovered, any new practices. As 23andMe responded to the Melvin Plaintiffs' counsel on February 15, 2024, 23andMe has publicly disclosed that it has provided its customers with the opportunity to participate in third-party medical

---

[1] *Santana v. 23andMe, Inc.*, 3:23-cv-05147-EMC (N.D. Cal. Oct. 9, 2023) at ECF Nos. 20, 24, 33, 45, 46, 49, 59, 65, 71 (the "Related Cases").

23ANDME, INC.'S [PROPOSED] REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT UNTIL AFTER CASE MANAGEMENT CONFERENCE PURSUANT TO LR 6(b) AND 7-11

research that may lead to the discovery of new cures for diseases for *years*. Declaration of J. Eli Wade-Scott In Support of Opposition ("Wade-Scott Decl."), Exh. 1-D at 2 (ECF No. 27-2) (attaching Feb. 15, 2024 e-mail from Rebekah S. Guyon stating that "23andMe has publicly disclosed its relationship with GSK and the option for customers to participate in research for *years*. See our May 25, 2023 10-k for example."). The Melvin Plaintiffs also neglect to inform the Court that 23andMe has *always* empowered its customers to control how they provide consent—if they wish to withdraw any prior consent to participate in research, they have *always* had the right to do so at *any time*. There is no need for judicial intervention to address a right the Melvin Plaintiffs already have, along with every 23andMe customer. *See* Opposition, at 2 (citing to 23andMe's privacy practices stating that 23andMe does not share information "without receiving your explicit consent"); *see also* 23andMe's Research Consent Document, available at https://www.23andme.com/about/consent/ ("Taking part in this research is completely voluntary, and you can change your consent choice at any time without affecting your access to the 23andMe product or services."). Apart from 23andMe's CEO's optimism regarding the potential fruits of this years-long option for 23andMe customers, the article the Melvin Plaintiffs cite to, and which their counsel brought to the attention of 23andMe *after business hours* on February 14, 2024—demanding a response within 24 hours—does not detail new practices, let alone indicate a change to any "status quo" as the Melvin Plaintiffs falsely claim. *See* Opposition, at 3.

Third, the Melvin Plaintiffs claim they urgently require assurances regarding 23andMe's security practices. Once again, this issue was first raised by the Melvin Plaintiffs' counsel *after business hours* on February 14, 2024, and is only a manufactured post-hoc excuse for their unreasonable refusal to grant 23andMe an extension. *See* Supp. Guyon Decl., at ¶ 2; Opposition at 2-3. This argument is also a red herring. The incident giving rise to the Melvin Plaintiff's claims had nothing to do with customers' choice to participate in data sharing for research purposes, but arose from a credential stuffing attack on a narrow subset of accounts that used login credentials compromised from other platforms. The reality is that 23andMe's security practices are above industry standard for direct-to-consumer genetic companies – and were so well before October 2023. 23andMe has been, and continues to be, in compliance with multiple International Organization for Standardization ("ISO") certifications that require ongoing and proactive

23ANDME, INC.'S [PROPOSED] REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT UNTIL AFTER CASE MANAGEMENT CONFERENCE PURSUANT TO LR 6(b) AND 7-11

implementation of robust information security management systems, including 114 technical security and privacy controls. 23andMe has achieved and maintained ISO certification against three different ISO standards: 27001, 27018 and 27701. Every year, a third-party auditor validates that 23andMe can demonstrate on-going compliance with these ISO certificates. *See* 23andMe Blog, *23andMe Receives Data Security and Privacy Certifications* (Oct. 29, 2020), https://blog.23andme.com/articles/data-privacy-certifications. Further, 23andMe now mandates 2-factor authentication or 2-step verification for all customers.

Finally, the Melvin Plaintiffs concede that the real reason their lawyers refused to grant 23andMe a customary extension is because 23andMe has not agreed to waive its valid right to compel arbitration of Plaintiffs' claims. Opposition at 2-3; *see also Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016) (upholding arbitration terms under 23andMe's Terms of Service). This retaliatory conduct is contrary to the professional rules and should not be permitted. *See* NORTHERN DISTRICT OF CALIFORNIA GUIDELINES FOR PROFESSIONAL CONDUCT, Sec. 4, Continuances and Extensions of Time ("[A] lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected."). But even here, the Melvin Plaintiffs misrepresent the record. The emails from 23andMe's counsel that the Melvin Plaintiffs claim show an agreement were provided <u>before</u> the Melvin Plaintiffs even filed suit and <u>before</u> their counsel proceeded to publicly attempt to undermine any efforts at an early resolution by not only 23andMe but any plaintiffs' counsel who participated, both directly and through a barrage of statements to media outlets.[2] As can be seen from the record that the Melvin Plaintiffs did provide, the stipulation on arbitration that they suggested was *immediately* rejected by 23andMe. *See* Wade-Scott Decl., Exh. 1-B at 5 (attaching Jan. 28, 2024 correspondence from 23andMe's counsel

---

[2] *See e.g.*, Alison Frankel, *As 23andMe Goes to Mediation in Hacked DNA Case, Plaintiffs' Firm Warns of Collusion*, REUTERS (Jan. 30, 2024), https://www.reuters.com/legal/legalindustry/column-23andme-goes-mediation-hacked-dna-case-plaintiffs-firm-warns-collusion-2024-01-30/ (counsel for Melvin Plaintiffs posturing that the mediation efforts were "a race to the bottom" by "plaintiffs' firms without much experience in privacy cases [that] will bite if 23andMe offers a 'quick and dirty' settlement"); Amanda Bronstad, *Plaintiffs' Lawyers Divided Over Early Mediation of 23andMe Data Breach Cases*, LAW.COM (Jan. 31, 2024), https://www.law.com/2024/01/31/plaintiffs-lawyers-divided-over-early-mediation-of-23andme-data-breach-cases/ (arguing against the value of early mediation efforts and that "the court should stop this race to the bottom and appoint strong leads who have a clear track record of delivering outstanding results in novel privacy cases").

- 3 -
23ANDME, INC.'S [PROPOSED] REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT UNTIL AFTER CASE MANAGEMENT CONFERENCE PURSUANT TO LR 6(b) AND 7-11

promptly rejecting Plaintiffs' proposed stipulation and reiterating that while the parties may agree that 23andMe is not moving to compel arbitration at the time, a stipulation "does not mean that [23andMe] agree[s] that the current and/or former iterations of the arbitration agreement are unenforceable"). Nonetheless, counsel for 23andMe made doubly clear to the Melvin Plaintiffs' counsel on February 10, 2024 that 23andMe has no intention of stipulating to waive its right to compel arbitration in light of the their refusal to cooperate with other plaintiffs' counsel in this case—a position that underlay the Melvin Plaintiffs' counsel's view of other plaintiffs' counsel from the very beginning. *See e.g.*, Melvin Plaintiffs' Motion to Appoint Interim Leadership of Class Action, at 8 (justifying non-participation in mediation efforts because "that process has to be informed by an actual investigation, not artificially limited in ways that harm the class, and with an experienced firm in the driver's seat"); Wade-Scott Decl., Exh. 1-C at 6 (counsel for 23andMe advises that "[u]ntil we find out whether there is MDL consolidation and how Judge Chen wants plaintiffs to coordinate in putting together a consolidated complaint, we are reticent about entering into a separate deal with the one firm that appears to be unwilling to coordinate with the other plaintiffs firms involved in these cases.").

In sum, the Melvin Plaintiffs' unreasonable opposition to 23andMe's minor requested extension is inappropriate and paints a false narrative to the Court. 23andMe respectfully submits that the minor extension it has requested for this, one of the last-filed Related Cases, is appropriate for the reasons set forth in its Motion.

DATED:  February 16, 2024                    GREENBERG TRAURIG, LLP

                                             By:    */s/ Ian C. Ballon*
                                                   Ian C. Ballon
                                                   Attorneys for Defendant, 23andMe, Inc.

23ANDME, INC.'S [PROPOSED] REPLY IN SUPPORT OF ADMINISTRATIVE MOTION TO CONTINUE DEADLINE TO RESPOND TO COMPLAINT UNTIL AFTER CASE MANAGEMENT CONFERENCE PURSUANT TO LR 6(b) AND 7-11